## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY DIAZ, and            )
JANEANE DIAZ,                 )        CIVIL ACTION
   Plaintiffs,            )
                       )        Case Number: 3:24-CV-856
                       )
   vs.                       )
                       )        **FILED**
                       )        **SCRANTON**
DARREN GELBER, JOSHUA         )
LOWTHER, and MURDOCH          )        MAY 23 2024
WALKER II, individually,      )
and LOWTHER-WALKER, LLC,      )        PER _____
   Defendants.            )        DEPUTY CLERK

## COMPLAINT

   COMES NOW ANTHONY DIAZ and JANEANE DIAZ, plaintiffs in the above-styled case, and files this their complaint for damages, showing this Honorable Court the following facts, to wit:

### 1.

   Plaintiffs are residents of the state of Florida and the defendants, collectively, are residents of the states of Georgia and New Jersey.

### 2.

   Defendant Lowther-Walker, LLC., is a professional legal corporation domiciled in the state of Georgia having it's principle place of business in that state.

### 3.

   There is an action of professional malpractice and breach of contract

-1-

with the amount in controversy in excess of $75,000 and there is complete diversity among all parties to this action.

4.

The defendants are subject to the jurisdiction of this Honorable Court and may be served by registered mail in accordance with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) 26.

COUNT I

5.

Plaintiff Anthony Diaz is currently a federal prisoner incarcerated at USP Atlanta in Atlanta, Georgia.

6.

On or about the 12th day of January, 2016, plaintiffs Anthony Diaz and his wife, Janeane Diaz, retained the services of Darren Gelber, an attorney, to represent Anthony Diaz in mediations that eventually led to a criminal action in  this Court.

7.

Following a trial by jury, plaintiff Anthony Diaz was convicted of four (4) Counts of Mail Fraud and Seven (7) Counts of Wire Fraud in this Court and sentenced to a term of imprisonment of $17\frac{1}{2}$ years.

8.

That defendant Gelber was negligent in his representation of the plaintiff Anthony Diaz in that he failed to either interview a number of witnes-

-2-

ses and experts who could have provided evidence of plaintiff Anthony Diaz's actual innocence or to call available witnesses on his behalf when defendant Gelber was fully aware of their existence and was provided sufficient information as to their contact information and as to where to contact them.

Defendant Gelber's failure to call said witnesses at trial directly contributed to a finding of guilt in plaintiff's case. **Cleveland v United States**, 531 US 12, 24 (2000).

### 9.

As a direct and proximate cause of defendant Gelber's negligence, plaintiffs have been damaged for an amount in excess of two million dollars, which is incapable of being shown with specificity at this time but which will be demonstrated in accordance with the evidence to be produced at trial. This is a legal malpractice claim.

### COUNT II

Plaintiffs reallege all of the averments set forth in the previous paragraphs and incorporate them by reference herein.

### 10.

Plaintiff Anthony Diaz entered into a contract with defendant Gelber for legal representation on or about the 12th day of January, 2016 (exact date to be shown at trial)

11.

That defendant Gelber breached his duty of care required of attorneys practicing law in Pennsylvania and in the Thrid Circuit of the United States by failing to properly investigate viable defenses available to the Plaintiff Anthony Diaz which directly contributed to a finding of guilt against him in the trial of his case.

12.

That as a result of defendant Gelber's inaction and failure to discharge his professional responsibilities in his representation of Plaintiff Anthony Diaz, he breached the contract between himself and the Plaintiffs and damaged both in an amount to be determined in accordance with the evidence to be adduced at trial.

COUNT III

Plaintiffs reallege all of the averments set forth in Counts One and Two as if the same were fully set forth herein.

13.

After terminating the service of Defendant Gelber, Plaintiffs entered into a contract for legal services with Defendant Lowther-Walker, LLC., a professional corporation domiciled in Atlanta, Georgia. A copy of said contract can be obtained upon initiation of the Discovery process, and will be presented at trial.

14.

That defendant Murdoch Walker, II and Joshua Lowther are both attorneys at law, and principals of the defendant corporation.

-4-

15.

That both Murdoch Walker, II and Joshua Lowther were negligent in their representation of Anthony Diaz during the course of his sentencing and in their representation of him on appeal by stipluating to an actual loss amount that was not supported under the law of the Third Circuit and failing to advise the district court at sentencing that the applicable standard for the relevant evaluation of United States Sentencing Guidelines Commentary had changed in **Kisor v Wilkie**, 139 S.Ct. 2400 (2019), as later described in **United States v Banks**, 55 F.4th 246, 257 (3d Cir 2022) (the ordinary meaning of "loss" does not include intended loss); and failing to bring to the attention of the Court of Appeals for the Third Circuit these same issues in an effort to cover their malfeasence.

16.

As a direct and proximate consequence of their negligence, Plaintiff Anthony Diaz's direct appeal was denied and he continues to suffer ongoing incarceration and loss of income.

17.

As a direct and proximate consequence of the negligence of all named defendants, plaintiff has sustained a loss of income in excess of $1,000,000 which will be shown with specificity at the trial of the case. Each of the named defendants are jointly and severally liable to the plaintiff for said amount.

18.

As a direct and proximate consequence of the negligence of all named defendants, both plaintiffs have sustained a loss of property in excess of

$500,000, which will be shown with specificity at the trial of the case. Each of the named defendants are jointly and severally liable to the Plaintiffs for said amount.

## COUNT IV

Plaintiffs reallege all of the averments set forth in Counts One through Three as if the same were fully set forth herein.

19.

Defendants Lowther-Walker, LLC., Murdoch Walker, II, and Joshua Lowther intentionally misrepresented to Plaintiffs that they needed to pay an additional $8,500 in order to obtain the relevant transcripts of his trial for appeal when they knew the cost for same was approximately $290.00.

20.

Said representation was false and misleading and Plaintiffs are entitled to a refund of $8,500 in compensatory damages.

21.

Plaintiffs are further entitled to an award of punitive damages in an amount which will be shown with specificity at the trial of the case.

## COUNT V

Plaintiffs reallege all of the averments set forth in Counts One through Four as if the same were fully set forth herein.

22.

As a direct and proximate consequence of the negligence of all defendants,

Plaintiffs have experienced emotional anuguish requiring the intervention of medical professionals to help them cope with the ongoing anxiety attacks and post traumatic stress syndrome. Plaintiffs are entitled to an award of damages which will be shown with specificity at the trial of the case.

23.

In addition to the foregoing, Plaintiffs have suffered a loss of consortium and are entitled to an award of compensatory damages based upon the evidence to be adduced at the trial of the case.

WHEREFORE, Plaintiffs pray:

a) That summons and process issue as provided at law;

b) For an award in compensatory damages in the amount of Six Million ($6,000,000) dollars in accordance with the evidence to be produced at trial;

c) For an award of exemplary damages against defendants Lowther-Walker, LLC., Joshua Lowther, and Murdoch Walker, II, in accordance with the evidence produced at trial to deter said defendants from further wrong-doing; and

d) For such other relief as this Honorable Court may deem fair and equitable.

Done this ___23___ day of MARCH 2024,

Respectfully Submitted,

_____          _____
Anthony Diaz                      Janeane Diaz

## Certificate of Service

I, Anthony Diaz, and I, Janeane Diaz, hereby swear under penalty of perjury that the foregoing Complaint was served in accordance with the Federal Rules of Civil Procedure 4 and 26 via U.S. Postal Service First Class Certified Return-Reciept Mail on ___MARCH 25, 2024___, and the defendants were given 30 days to respond in accordance with Rule 4's Waiver of Service of Process Form, which expires on ___MAY 24, 2024___ ; that copies of same were mailed to the addresses listed on the following page, and that said copies were true and correct copies of the foregoing as submitted to this Court.

So Sworn, this ___25th___ day of ___MARCH, 2024___

_____
Anthony Diaz

_____
Janeane Diaz

-8-



Mariana Diaz
23035 Via Carino Ln
Bonita Springs FL 34135

United States District Court
Middle District of Pennsylvania
234 North Washington Avenue
PO Box 1148
Scranton PA 18501-1148

RECEIVED
SCRANTON
MAY 23 2024
PER_____
DEPUTY CLERK