IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DIAZ, et al., | : | Civil No. 3:24-CV-856 |
| Plaintiffs, | : | |
| v. | : | |
| DARREN GELBER, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### I.  Factual and Procedural Background

This case, which comes before us on a motion to reconsider our decision, staying discover in this case pending the resolution of the outstanding motions to dismiss filed in this matter.

By way of background, involves claims of legal malpractice brought by a federal inmate. Currently, the defendants have filed motions to dismiss, which remain pending. (Docs. 32, 33). These motions raise significant questions concerning the legal viability of this case. Because we believed that these motions to dismiss were significant developments in this litigation which cautioned in favor of deferring discovery litigation, we denied Diaz's motion to compel and stayed discovery without prejudice to renewal of the discovery motions, if necessary, following resolution of the pending motions to dismiss. (Doc. 42).

Diaz has now filed a motion to reconsider this decision, which insists that he should be permitted to pursue further discovery before we decide whether his claims survive a motion to dismiss. (Doc. 46). We disagree and will deny this motion.

## II. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case our rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Moreover, our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of orders regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'"

Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and dispositive legal issues in civil actions should not be put to the time, expense, and burden of additional factual discovery for themselves and others until after these legal issues are addressed by the court.

In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-

4

Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets, we continue to conclude that further discovery should be briefly deferred at this time until after the court resolves the pending motions to dismiss. We reach this conclusion finding that deferring "discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson, 205 F.R.D. at 434. Following this course will enable us to determine what legal issues, if any remain in this case. This determination, in turn, will greatly inform any judgment regarding whether and to what extent discovery is warranted here.

An appropriate order follows.

DATED: February 6, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY DIAZ, et al.,** | : | Civil No. 3:24-CV-856 |
| Plaintiffs, | : | |
| v. | : | |
| **DARREN GELBER, et al.,** | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## ORDER

AND NOW, this 6th day of February 2025, in accordance with the accompanying Memorandum IT IS ORDERED that the plaintiff's motion to reconsider, (Doc. 46), is DENIED without prejudice to renewal of discovery motions, if necessary, following resolution of the pending motions to dismiss.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge